UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Anderson Bourell,<br><br>    Plaintiff,<br><br>v.<br><br>Edward Ronscavage, Teresa Kauffman, Adan Herrera, and Doris Abadillo<br><br>    Defendants. | Civil No. 3:21-CV-01098 (MPS)<br><br>June 23, 2023 |

## DISCOVERY RULING

The parties submitted their outstanding discovery issues for Court resolution via letter in accordance with Chief Judge Michael P. Shea's discovery dispute procedures. *See* Defs's. Ronscavage/Kauffman Let. 5/26/23; Pl.'s Let. 6/1/23. The matter was referred to me on June 2, 2023 for a resolution. ECF No. 47. Following a discovery status conference held on June 6, 2023, an Order entered addressing the parties' disputes over Plaintiff's privilege log, primary care records, and video recordings. ECF No. 51. The Order directed the parties to hold a follow-up meet and confer to narrow and/or resolve their dispute regarding the production of Plaintiff's videos, with direction to provide additional letter briefing if the matter remain unresolved by June 14, 2023. *Id.* Letter briefs were simultaneously submitted in accordance with the Court's Order on June 14, 2023. ECF No. 51; Pl.'s. Let. 6/14/23; Defs's. Ronscavage/Kauffman Let. 6/14/23; Defs's. Herrera/Abadillo Let. 6/14/23. The parties report that a meet and confer was held on June 9, 2023, by Zoom and that they were unable to reach an agreement on the scope of the production. The remaining issue before the Court relates to Defendants' Interrogatory No. 13 and Request for Production No. 9 as modified by the parties through meet and confers seeking production of video journals produced by and in the custody of Plaintiff depicting his injuries, symptoms, and recovery,

1

following the accident that is the subject of this lawsuit. For the reasons that follow, Defendants' Motion to Compel Production of these videos in response to Interrogatory No. 13 and Request for Production No. 9 is granted in part and denied in part.

*Discussion*

Under Rule 26, a party may obtain discovery concerning any non-privileged matter that is relevant to any party's claim or defense and is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Rule 26(b)(1) identifies six factors in determining the proportionality requirement: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Taking each factor in turn, Defendants' motion is granted in part and denied in part.

*The importance of the issues at stake in the action.* The claims in this case stem from an alleged traumatic brain injury sustained by Plaintiff; his physical and emotional wellbeing are central to the question of damages. The parties do not dispute that Plaintiff's videos depicting his injuries, symptoms, and recovery since the accident are important and relevant. Indeed, Plaintiff has produced 331 video/audio/text files that he will presumably use to prove his case. Pl.'s Let. 6/14/23, at 3. Defendants state that Plaintiff "testified that he essentially cannot function in life. . . . and is unable to physically and mentally sustain an intimate relationship." Defs.' Herrera/Abadillo Let. 6/14/23, at 2. He also testified that since the accident he traveled to numerous countries, including Switzerland, England, Italy, France, Scotland and Israel, to attend a wedding, concert, where he biked, walked dogs, and went to petting zoos. *Id.,* at 2 and n.3. Defendants seek to test Plaintiff's testimony and seek access to all his videos. The Court finds that this factor weighs in favor of disclosure.

2

*The amount in controversy.* Defendants state that Plaintiff seeks $5,429,869.61 in damages "of which 95% are non-economic, as well as double or triple damages as allowed by law." Defs.' Herrera/Abadillo Let. 6/14/23, at 2*; see* Defs.' Ronscavage/Kauffman Let. 6/14/23, at 2.  Plaintiff did not dispute this figure in its filings or at the status conference held on June 6, 2023 when this issue was raised.  The Court finds that this factor weighs in favor of disclosure.

*The parties' relative access to relevant information.*  Plaintiff represents that there are 2TB+ of data consisting of 23,715 videos from April 2019 (four months before the collision) to the end of May 2023.  Pl.'s. Let. 6/14/23, at 1.  He states that it would be unduly burdensome for counsel to review the videos, create a log, and determine whether any video is privileged.  He does not claim, however, that the videos are not reasonably accessible.  Defendants represent that during a meet and confer they were informed that Plaintiff already paid a third-party to download and save the videos.  Defs.' Herrera/Abadillo Let. 6/14/23, at n.2; Defs.' Ronscavage/Kauffman Let. 6/14/23, at 2 (stating Plaintiff has direct access to the videos sought, has already incurred the expense, and has already transferred said videos to a separate hard drive.).  Thus, the access to the information is not at issue.  The Court finds that this factor favors production.

*The parties' resources.*  With regard to resources, Plaintiff has already incurred the expense of transferring the videos to a separate hard drive.  Defs.' Ronscavage/Kauffman Let. 6/14/23, at 2. Defendants point out that Plaintiff has two law firms representing him with plenty of resources, who are highly competent and capable of handling discovery in a large case.  *Id.*  The Court finds that this factor weights in favor of disclosure.

*The importance of the discovery in resolving the issues.*  As set forth above, the parties do not dispute the importance of these videos depicting Plaintiff's injuries, symptoms, and recovery from the accident.  The Court finds that this factor weighs in favor of disclosure.

*Whether the burden or expense of the proposed discovery outweighs its likely burden.* Plaintiff's burden argument focuses on the time to review the production not on the cost to transfer the video content. He estimates that if counsel took two minutes to review each video, it would take 790 hours to review *all* the videos. Put another way, if counsel dedicated forty-hours per week to the task it would take 19.76 weeks or nearly five months to complete the review. Pl.'s Let. 6/14/23, at 1; *see* Fed. R. Civ. P. 26(b)(2)(B) (A "party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost."). Plaintiff adds that he has two attorneys assigned to this case with a very heavy case load. Pl.'s Let. 6/14/23, at 1.

Defendants argue there is no burden to *produce* the videos as "they can be posted to a cloud-based server." Defs.' Ronscavage/Kauffman Let. 6/14/23, at 2. Thus, they contend the burden of production is minimal. *Id.* With regard to the cost associated to *review* the videos, they argue that the "evaluation of this burden depends on facts that have never been established and are based on pure guess work." *Id.* Stated differently, they contend that Plaintiff has provided no facts to determine the length of each video and assert that Plaintiff has not produced an electronic file list of the videos identifying what exists, a list they contend that can be produced in minutes. *Id.,* at 2 and n.1. Indeed, they argue that Plaintiff brought this lawsuit and "chose to create video recordings of his daily activities from the date of loss to the present." Defs.' Herrera/Abadillo Let. 6/14/23, at n.7.

"A party resisting discovery has the burden of showing 'specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each [request] is overly broad, burdensome or oppressive, . . . submitting affidavits or offering evidence revealing the nature of the burden.'" *Vidal v. Metro-N. Commuter R. Co.,* No. 3:12CV248 (MPS), 2013 WL 1310504, at *1 (D. Conn. Mar. 28, 2013). "Further, for a

4

burdensomeness objection to be sustained, a motion to compel on this ground must be opposed by an affidavit of a person with knowledge of the record keeping system with the requested party explaining in reasonable detail the factual basis for such an objection." *Cliffstar Corp. v. Sunsweet Growers, Inc.*, 218 F.R.D. 65, 69 (W.D.N.Y. 2003); *see also Gross v. Lunduski*, 304 F.R.D. 136, 151 (W.D.N.Y. 2014) (same); *Huminski v. Stop & Shop Supermarket Co.*, No. 16-cv-1136 (RNC) (DFM), 2017 WL 2779468, at *1-2 (D. Conn. Jun. 27, 2017) (collecting cases). Importantly, Defendants states that "Plaintiff's counsel chose to wait approximately one (1) year to determine the full extent of video recordings created by their client, despite the agreement to produce same at the Rule 37 Conference in April 2022." Defs.' Herrera/Abadillo Let. 6/14/23, at n. 7. The Court finds that Plaintiff made no effort to assert a formal objection or seek court intervention after the Rule 37 conference on April 20, 2022, when he agreed to produce all video journals regarding Plaintiff's injuries and recovery. Defs.' Ronscavage/Kauffman Let. 5/26/23, at 1; *see also* Defs.' Herrera/Abadillo Let. 6/14/23, at n.7. In June 2022, Plaintiff provided a Dropbox link containing 60 video files. Defs.' Ronscavage/Kauffman Let. 5/26/23, at 1. On March 10, 2023, during Plaintiff's deposition Defendants learned that there were more videos depicting Plaintiff's injuries, limitations, and conditions that were not produced. *Id.* No privilege log was produced for any of the withheld videos. *Id.* On March 15, 2023, a supplemental production was provided with 271 items including videos, photos, text messages, and audio files. *Id.* No privilege log accompanied the supplemental production. *Id.* On March 16 and April 28, 2023, Defendants requested a Rule 37 conference, which was held on May 2, 2023. *Id.* At the meet and confer conference, Plaintiff indicated there were approximately 3TB of videos/photos retrieved from Plaintiff's phone. *Id.* They agreed to produce all videos from one year prior to the accident to present. *Id.,* at 1-2. On May 4, 2023, Plaintiff rescinded the agreement. *Id.* On May 8, 2023, a privilege log containing thirteen (13) entries was provided that failed to comply with D. Conn. L. Civ R. 26.

5

Plaintiff made no showing to support his claim of burdensomeness until *after* Defendants sought court intervention. Even after this Court held a conference on June 6, 2023, and ordered the parties to a meet and confer held on June 9, 2023, he did not provide information regarding the volume of the video production. *See* Pl.'s Let. 6/14/23, at 1 (stating after the parties' meet and confer, he determined the number of videos but "do not yet know the total length of each video"); Defs.' Ronscavage/Kauffman Let. 6/14/23, at 3 (stating that Plaintiff "changed the total size (3TB to 2TB+) (potentially 33% reduction without explanation or documentation)."); Defs.' Herrera/Abadillo Let. 6/14/23, at n. 1 (During the June 9 meet and confer, "plaintiff's counsel admitted that his representations of the seconds, hours and days submitted to the Court in his June 1, 2023 summary **was a guess** and that **it was not based on any actual data** despite th[e] fact that he was already in possession of plaintiff's complete iCloud file.") (emphasis in original). Moreover, Defendants state that at his deposition Plaintiff testified that he did not make the videos to communicate with counsel; "thus, review for privilege is unnecessary and an obstructionist tactic." Defs.' Ronscavage/Kauffman Let. 6/14/23, at 3. Because the requested videos are relevant, and because Plaintiff has failed to demonstrate burden, his objection is overruled.

Plaintiff failed to rebut Defendants' showing that the discovery sought is relevant and proportional, or that the discovery is not reasonably accessible because of undue burden or cost. As proposed by Defendants, to lessen any burden of production and review and given the potential cumulative nature of the production, the Court will narrow the production of videos to a random yet representative sampling. To the extent that they exist, Plaintiff shall produce two weeks of video journals per month from the date of the accident to the present. Specifically, Plaintiff will produce responsive videos for the first fourteen days of each month. If Plaintiff choses to review the videos in advance of production and withholds any videos based on the attorney-client

privilege and/or work product protection, he will amend the privilege log accordingly, and produce the amended privilege log with his supplemental production.

As to the concerns raised but not substantiated by Plaintiff regarding potential privilege and confidentiality, the Court refers the parties to (1) the protocol set forth in Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure regarding claw back of privileged materials, and (2) sections 17 and 18 of the Standing Protective Order [ECF No. 5, at 4] which expressly outline a process for the inadvertent production of confidential material and information protected by the attorney-client privilege or other privilege or immunity.[1]  Simply put, the fact that such a video has been reviewed by counsel shall not constitute a waiver of privilege

Based on the record before the Court, these protections are sufficient to address the confidentiality and/or privilege concerns.  Plaintiff shall produce the ordered videos within fourteen (14) days of this Order along with an amended privilege log, if applicable.  Should Plaintiff elect to review the videos prior to production, he shall do so at hi own expense. Defendants will bear the costs to review the videos.

This is not a recommended ruling.  This ruling and order is a "determination of [a] nondispositive motion[] . . . relating to discovery." D. Conn. L. Civ. R. 72.1(C)(2).  As such, it is reviewable pursuant to the "clearly erroneous" statutory standard of review.  *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Conn. L. Civ. R. 72.2.  It is an order of the Court unless reversed or modified by the District Judge in response to a timely objection under Local Rule 72.2(a).

                                                                  */s/ Maria E. Garcia*
                                                                Hon. Maria E. Garcia
                                                          United States Magistrate Judge

---

[1] The Court has reviewed the protocol set forth in *Rowe Entertainment, Inc. v. The William Morris Agency, Inc.,* 205 F.R.D. 421 (S.D.N.Y. 2002), and does not find it necessary or applicable based on the facts and circumstances at hand.